Velázquez Cajigas, Jueza Ponente
*664 TEXTO COMPLETO DE LA SENTENCIA
Los apelantes, P.R. Home Services & Construction y Heriberto Núñez Santiago, presentaron un recurso de certiorari mediante el cual solicitan que revisemos la sentencia parcial emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, que desestimó su causa de acción contra uno de los codemandados, United Surety & Indemnity Company (USIC), por incumplimiento con la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R. A. Ap. Ill, R. 4.3(b). Aducen que incidió el tribunal al desestimar la causa°de acción contra USIC, ya que la parte apelante actuó diligentemente una vez se enteró que dicha compañía de seguros había emitido un “Payment Bond’\ o sea, una póliza para garantizar el pago de los obreros, materialistas y subcontratistas.
El trámite de la demanda y las controversias que precedieron la sentencia parcial que desestimó la causa de acción contra USIC ha sido como sigue.
El 18 de noviembre de 2001, P. R. Home Services & Construction y Heriberto Núñez Santiago presentaron ante la Sala Superior de Ponce una demanda sobre incumplimiento de contrato, cobro de dinero y daños y perjuicios contractuales, contra Estancias Construction Corp. (Estancias), el Sr. Carlos Lamoute y, como demandado de nombre desconocido, la Compañía de Seguros ABC. Los demandantes habían actuado como subcontratistas en unos proyectos de construcción y mediante la demanda reclamaban el pago de ciertas acreencias al contratista general y otros que le pudieran responder por dichas acreencias. Posteriormente, el caso fue transferido a la Sala Superior de San Juan.
En el tercer párrafo de la demanda alegaron:

“3. Que la co-demandada Compañía de Seguro ABC, es una corporación que se dedica al negocio de seguros en 
*665
el Estado Libre Asociado de PR y se desconoce su verdadero nombre a la fecha de la radicación de esta demanda, que debe tener seguro o póliza "Performance Bond” donde se garantiza cualquier reclamación contra la referida corporación[, Estancias Construction Corp]. ”

Estancias y el Sr. Lamoute fueron emplazados el 21 de febrero de 2002.
El 12 de junio de 2002, la parte demandante presentó un interrogatorio a Estancias. La pregunta número 20 del interrogatorio indicaba:

“20. Informe si Estancias Construction Corp. tiene alguna póliza y/o "performance bond” que pueda cubrir los hechos alegados en esta demanda. De' ser en la afirmativa, suministre copia de la misma para solicitar que se expidan emplazamientos a nombre de ésta, previo los trámites pertinentes de ley. "

La contestación de Estancias al interrogatorio fue recibida por la demandante el 2 de diciembre de 2002. En cuanto la pregunta 20 indicó como sigue: “20. Si. Véase Exhibit E.”
El 10 de agosto de 2004, las partes presentaron el Informe Sobre Conferencia Preliminar Entre Abogados. En la sección de enmiendas a las alegaciones, la parte demandante indicó que deseaba enmendar la demanda “[p]ara incluir a la United Surety & Indemnity Company como la que expidiera el seguro de construcción”. Según el Informe, hasta una fecha reciente, la parte demandante “desconocía su verdadero nombre, ya que la co-demandada Estancias Construction Corp., no había provisto la información que se le ha requerido y aunque se comprometió a brindarla, no lo ha hecho”.
El 19 de agosto de 2004 se celebró la conferencia con antelación al juicio, en la cual se discutió la solicitud de enmienda a la demanda para incluir a USIC como parte codemandada, en sustitución de la “Compañía de Seguros ABC”. El tribunal emitió una minuta sobre la vista, que convirtió en resolución, la cual expone como sigue:

“Se hace constar que la parte demandante está solicitando la enmienda a la demanda a los efectos de incluir a la compañía aseguradora United Surety & Indemnity Company quien expidió el seguro de construcción; dicha solicitud es permitida por el Tribunal. No obstante, el Tribunal hace constar que este asunto no es sorpresivo para la parte demandada, ya que se había planteado en el informe de conferencia desde el mes de febrero y para un [a] próxima ocasión, se le apercibe a la parte demandante que deberá presentar demanda enmendada.

Se concede a la varíe demandante el término de diez (10) días vara plasmar en una demanda enmendada la petición que está siendo concedida en el día de hoy y treinta (30) días vara emplazar. El Licenciado Pavíaf, abosado de Estancias,/ tiene el mismo término vara que una vez presentada la demanda enmendada, si a bien tiene expresarse lo basa en ese término. Lueso de haber cumplido con lo anterior, se concede el término de treinta (30) días vara que realicen cualquier descubrimiento de prueba. ” (Negritas y subrayado en original.)
El 23 de agosto de 2004, la parte demandante presentó la demanda enmendada, y el 21 de octubre de 2004, el tribunal emitió la orden para que se expidiera el emplazamiento. USIC fue emplazada el 28 de octubre de 2004.
El 15 de noviembre de 2004, USIC presentó una moción de desestimación argumentando que a pesar que la parte demandante conocía la identidad de USIC desde el 2 de diciembre de 2002, no fue sino hasta agosto de 2004 que presentó la demanda enmendada. La moción fue acompañada por varios apéndices, entre éstos copia de todos los contratos de fianza relacionados con los proyectos de Estancias en los cuales los demandantes habían sido subcontratistas. Para sostener su posición citó aquella parte de la opinión en Núñez González v. Jiménez Miranda, 122 D.P.R. 134, 143 (1988), que expone que: “si no se logra completar el proceso dentro del término *666 de seis (6) meses que dispone la Regla 4.3fib) de Procedimiento Civil, supra, se tiene que solicitar prórroga que exponga la razones justificadas del incumplimiento.'’'’ USIC argumentó: “16. La parte demandante tenia en primer lugar la obligación de emplazar por edicto a la Compañía de Seguros ABC dentro del término de seis (6) meses que dispone la Regla 4.3(b), supra.” Adujo que los demandantes no habían emplazado por edicto a la Compañía de Seguros ABC, ni solicitado prórroga para ello. Según USIC, ello demuestra que no fue emplazada conforme a derecho.
La parte demandante presentó su oposición a la desestimación el 6 de diciembre siguiente. Su argumento central fue que la contestación de Estancias a la pregunta Núm. 20 del interrogatorio no incluyó copia del “Payment Bond”, sino que sólo incluyó copia del “Performance BoncT\ Por ello, la parte demandante no conocía de la obligación de USIC bajo el “Payment Bond’, sino hasta poco antes de solicitar la enmienda a la demanda y la expedición del emplazamiento contra USIC. Además, argumentó en contra de la interpretación que USIC le daba al caso de Núñez González v. Jiménez Miranda, supra, aduciendo que bajo la Regla 15.4 de Procedimiento Civil, supra, sobre demandado de nombre desconocido, podía sustituir el nombre de USIC como parte demandada una vez se enteró que ésta había emitido un “Payment Bond”; para lo cual no aplica el término de de seis (6) meses desde la presentación de la demanda dispuesto en la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 4.3(b); sino que el requisito es que se solicite la enmienda oportunamente, una vez la parte demandante se entera del nombre correcto.
Los argumentos de USIC a favor de la desestimación de la causa de acción en su contra y los de los demandantes en oposición a la desestimación han sido presentados y desarrollados en una serie de escritos, los cuales resumiremos y evaluaremos más adelante. USIC presentó y elaboró sus argumentos ante el TPI en la moción de desestimación de 15 de noviembre de 2004 y en la réplica a oposición de 10 de diciembre de 2004. Ante este Foro, USIC los presentó en su “Oposición a Certiorari y Moción de Desestimación por Falta de Jurisdicción” de 11 de mayo de 2007 y “Dúplica a Réplica ...” de 15 de junio de 2007. Los demandantes han desarrollado sus argumentos ante el TPI en la Oposición a Desestimación de 6 de diciembre de 2004 y en la Moción de Reconsideración de 10 de abril de 2007. Ante este Foro, los demandantes-apelantes los presentaron en el recurso de Certiorari de 2 de mayo de 2007. Para reducir la redundancia, evaluaremos los argumentos en conjunto mas adelante.
El tribunal de instancia adjudicó la solicitud de desestimación mediante “Sentencia Parcial” de 6 de marzo de 2007, el cuerpo de la cual lo constituyen los siguientes dos párrafos:

“Evaluadas la Moción de Desestimación presentada el 15 de noviembre de 2004 por la codemandada United Surety & Indemnity Company, la oposición de la parte demandante a la misma y subsiguientes mociones de la primera reiterando solicitud de desestimación bajo el dictamen de Núñez v. Jiménez Miranda, 122 DPR 134 (1988), se desestima la demanda contra dicha codemandada por operación de la Regla 4.3(b) de las de Procedimiento Civil vigentes. ”

Se concluye, bajo el ámbito de la Regla 43.5 de las de Procedimiento Civil, que no existe razón para posponer dictar sentencia en cuanto a esta reclamación hasta la resolución final del pleito.
El 10 de abril de 2007, la parte demandante solicitó reconsideración, la cual no fue acogida. El 2 de mayo de 2007 presentó un recurso ante este Foro que denominó “Certiorari Civil” señalando que incidió el tribunal al desestimar la causa de acción contra USIC al amparo de la Regla 4.3(b), supra.
USIC presentó el 11 de mayo siguiente un escrito en “Oposición a Certiorari y Moción de Desestimación por Falta de Jurisdicción”. En cuanto al pedido solicitando la desestimación del recurso de certiorari, USIC alegó que el 17 de abril de 2007, el tribunal de instancia emitió una resolución acogiendo la solicitud de reconsideración presentada por la parte demandada el 11 de abril de 2007 (véase Anejo 2 de la referida moción), por lo que el *667 recurso era prematuro.
Para atender la solicitud de desestimación del Certiorari presentada por USIC, ordenamos a la parte demandante-apelante mostrar causa por la cual no debíamos desestimar el recurso por prematuridad. Esta última presentó una “Réplica a ‘Oposición a Certiorari y Moción de Desestimación por Falta de Jurisdicciónen la que expuso que la moción de reconsideración que fue acogida fue otra, presentada el 11 de abril, que se refería a la desestimación de las causas de acción contra los otros demandados bajo la Regla 39.2(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 39.2(a). La moción de reconsideración de la sentencia parcial, presentada el día antes, 10 de abril de 2007, que es la que tiene relación con el presente recurso, no fue acogida quedando rechazada de plano, por lo que no es prematura su revisión por el Tribunal de Apelaciones.
Por las razones expuestas por la parte demandante, denegamos la moción de desestimación del presente recurso. Además, observamos que aunque el recurso fue denominado como un Certiorari, se solicita la revisión de una sentencia parcial que dio fin a todos los reclamos contra USIC y en la cual se cumplió con lo requerido bajo la Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.5. El recurso para revisar dicha sentencia parcial es el recurso de apelación. Por lo tanto, acogemos el recurso presentado por la parte demandante como una apelación. Atendidos dichos asuntos preliminares, pasamos a evaluar si incidió el tribunal de instancia al desestimar la causa de acción contra USIC.
En primer lugar debemos aclarar la situación respecto la nomenclatura “Perfomance Bond”, “Payment Bond” y “Payment and Performance Bond'. La forma usual en que el contratista general de una obra de construcción garantiza el cumplimiento de sus obligaciones es presentando dos contratos de fianza de construcción (“construction bonds”), los cuales se denominan genéricamente “performance bond” y “labor and material payment bond'. Típicamente actúa como fiador en estos contratos una compañía de seguros. Mediante el “performance bond”, la compañía de seguros garantiza al dueño de la obra y/o el banco que financia el proyecto que el contratista va a ejecutar su obligación según pactada en el contrato de construcción; proveyendo para que si el contratista incumple con su obligación, la fiadora completará la obra según el contrato de construcción, o pagará los daños incurridos hasta el límite de dinero establecido en la fianza.
En el otro contrato de fianza, el “labor and material payment bond”, la fiadora le garantiza al dueño de la obra que toda la labor y los materiales utilizados en la obra serán pagados por la fiadora si el contratista general incumple. De esta forma, el dueño de la obra queda protegido de su obligación subsidiaria bajo el Art. 1489 del Código Civil, 31 L.P.R.A. see. 413(5, que lo responsabiliza subsidiariamente si el contratista general incumple respecto los pagos a los que ponen su trabajo y materiales hacia la construcción de las obra, o sea, los obreros, los que suplen materiales y los subcontratistas. Véase que como resultado de esta fianza se benefician también los obreros, materialistas y subcontratistas, pues si el contratista general no les paga, pueden reclamar el pago de dos personas adicionales, el dueño de la obra bajo el Art. 1489, supra, y la compañía de seguros que emitió la fianza. El nombre de este segundo contrato de fianza muchas veces se abrevia a “Payment Bond”. En tanto que frecuentemente se le requieren ambas fianzas al contratista general y que es la misma compañía de seguros quien emite los dos contratos de fianza, dichas fianzas se pueden formalizar bajo un mismo documento denominado “Payment and Performance Bond'.
En el caso de autos no se siguió dicha práctica, sino que se emitieron dos documentos separados, uno denominado “Performance Bond' y otro denominado “Payment Bond'. La alegación de la parte demandante en su oposición a la desestimación es que la contestación de Estancias a la pregunta Núm. 20 del interrogatorio, haciendo referencia al Exhibit E, sólo incluyó copia del “Performance Bond'. Dicha contestación no incluyó copia del “Payment Bond'.
Por lo tanto, de la contestación al interrogatorio no se desprende que USIC hubiera expedido una fianza que garantizara el pago a los subcontratistas, tales como los demandantes. Las copias de esta otra fianza, el “Payment *668 Bond”, sólo se incluyeron posteriormente, por USIC, cuando ésta presentó la solicitud de desestimación. Aduce la parte demandante que “el demandado[, Estancias,] siempre negó su existencia en el trayecto del caso.” (Página 59 del apéndice del recurso, en adelante, Ap. pág. 59). Es posteriormente, por otros medios, que la parte demandante obtuvo la información de que USIC también había emitido los “Payment Bonds” para los proyectos. Al enterarse de ello es que solicitó enmendar la demanda, para incluir a USIC como parte co-demandada.
Hemos examinado las copias de los contratos de fianza denominados “Performance Bond” y los contratos denominados “Payment Bond” incluidos en las páginas 45 a 57 del apéndice del recurso y éstos tienen las cláusulas usuales. Solamente en los denominados “Payment Bondi'’ es que USIC asume responsabilidad como fiador respecto los reclamos de los obreros, materialistas y subcontratistas. Los denominados “Performance Bond!’ no suplen tales garantías. Los demandantes apelantes alegan que'sólo se incluyó el “Performance Bond” en la contestación al interrogatorio por Estancias. 
Concluimos que bajo estas circunstancias la contestación al interrogatorio que fue provista por Estancias no incluía información que permitiera inferir que USIC tenía alguna obligación hacia los demandantes, por lo que no procedía solicitar en esa etapa enmendar la demanda para incluir a USIC como parte codemandada. Por lo tanto, tiene razón la parte demandante-apelante. El fundamento para incluir a USIC como codemandada surgió posteriormente. Ante tales hechos, no procede acoger la pretensión de USIC, de tomar la fecha de la contestación al interrogatorio como el momento en que comenzó la obligación procesal de la parte demandante de solicitar permiso al tribunal para enmendar la demanda con el propósito de incluir a USIC como codemandada y solicitar la expedición del emplazamiento de ésta para su diligenciamiento.
El otro argumento de pertinencia que requiere cierto análisis se refiere a la aplicabilidad de las Reglas 4.3, 4.6 y 15.4 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 4.3, R. 4.6 y R. 15.4, a la situación de autos.
En Núñez González v. Jiménez Miranda, 122 D.P.R. 134, 139-143 (1988), el Tribunal Supremo expuso respecto a las normas básicas concernientes a las demandas contra demandados desconocidos, Regla 4.6, supra, en contraste con las demandas contra demandados de identidad conocida, pero de nombre desconocido en ese momento, Regla 15.4, supra, como sigue:
Demandados designados con nombres ficticios
Las disposiciones que permiten entablar una acción contra demandados desconocidos constituyen excepciones a la regla general que requiere que la persona contra quien se dirige una reclamación sea designada en la demanda por su nombre correcto y que se le notifique personalmente. Así se le garantiza el derecho a ser oído que exige el debido proceso de ley. Rodríguez v. Nasrallah, 118 D.P.R.93, (1986); Hach Co. v. Pure Water Systems, Inc., 114 D.P.R. 58 (1983); Mundo v. Fúster, 87 D.P.R. 363 (1963).
Estas excepciones surgieron con la necesidad de balancear el interés legítimo de los estados de que ciertas decisiones relacionadas con propiedades localizadas dentro de su territorio pudieran surtir efecto erga omnes, evitando así reclamaciones futuras frente al derecho al debido proceso de ley de las personas cuyos intereses propietarios pudiesen quedar afectados. Además vinieron a suplir la necesidad de atemperar los efectos de los términos prescriptivos cuando, a pesar de la diligencia del reclamante y del hecho que éste conocía la identidad del deudor, no había podido obtener el nombre correcto para entablar en tiempo la demanda en su contra. Nota, Designation of Defendants by Fictitious Names - Use of John Doe Complaints, 46 Iowa L. Rev. 773 (1961); Mullane v. Central Hanover Tr. Co., 339 US 306 (1950); Fuentes v. Tribl. de Distrito, 73 D.P.R. 959 (1952).
En Puerto Rico, las Reglas 4.6 y 15.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, son las que tratan con el problema de los demandados desconocidos o de nombres desconocidos:

*669
“4.6 Emplazamiento a demandados desconocidos

Cuando se trate de demandados desconocidos, su emplazamiento se hará por edictos de conformidad con lo dispuesto en la Regla 4.5, dándose cumplimiento sustancial a dichas disposiciones en todo lo posible.

15.4 Demandados de nombre desconocido

Cuando un demandante ignore el verdadero nombre de un demandado, deberá hacer constar este hecho en la demanda, exponiendo la reclamación específica que alega tener contra dicho demandado. En tal caso, el demandante podrá designar a dicho demandado en cualquier alegación o procedimiento con un nombre ficticio y al descubrirse'el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento. ” (Énfasis suplido.)
Las acciones in rem o quasi in rem pueden ir dirigidas contra la propiedad en sí o contra personas designadas por sus nombres correctos o con nombres ficticios, cuando se desconoce sus nombres verdaderos o si existen o no. Este tipo de acción va encaminada a evitar futuras reclamaciones relacionadas con la propiedad. Nota, supra; Mullane v. Central Hanover Tr. Co., supra. El método que se utilice para notificar a estos demandados desconocidos tiene que ser aquel que razonablemente se pueda esperar que bajo todas las circunstancias les advierta de la acción que está pendiente y brinde la oportunidad, si así lo desean, de comparecer y presentar sus objeciones. Rodríguez v. Nasrallah, supra. Ahora bien, en acciones in personam, aquellas dirigidas contra la persona, sólo permite demandar designando a la persona con un nombre ficticio, cuando se conozca la identidad, pero no el nombre correcto. Sin embargo, para que la decisión del tribunal surta efecto contra la persona así designada, ésta tiene que ser traída al pleito con su nombre correcto luego de que se le notifique con tiempo suficiente para que pueda defenderse de la reclamación. (Énfasis suplido.)
La Regla 4.6 de Procedimiento Civil, supra, permite el emplazamiento de todo tipo de demandado desconocido. De otra parte, la Regla 15.4 de Procedimiento Civil, supra, sobre la capacidad de comparecer como demandado sólo se refiere a demandados de nombres desconocidos y exige que "al descubrir] el verdadero nombre, [el demandante haga], con toda prontitud, la enmienda correspondiente en la alegación". Esta Regla proviene de la Sección 474 del Código de Procedimiento Civil de 1872 de California. Se incorporó originalmente a nuestro ordenamiento procesal a través del Artículo 141 del Código de Enjuiciamiento Civil.
En Ortiz v. Gobierno Municipal de Ponce, 94 D.P.R. 472 (1967), tuvimos la oportunidad de analizar un situación similar a la de autos. Se trataba de una demanda de daños y perjuicios presentada contra el Municipio de Ponce y su compañía aseguradora. A esta última se le designó en la demanda con un nombre ficticio por desconocerse su verdadero nombre. Allí, al igual que en el caso ante nuestra consideración, este hecho se alegó específicamente en la demanda. Posteriormente, y ya transcurrido el término prescriptivo, se enmendó la demanda para incluir a la compañía aseguradora por su nombre correcto. Al contestar, la compañía aseguradora levantó la defensa de prescripción. Citando con aprobación lo resuelto por los tribunales de California expresamos:
“En California, cuyo Art. 474 del Código de Procedimiento Civil corresponde al 141 nuestro, se ha resuelto consistentemente que cuando en la demanda se intenta alegar una causa de acción contra el demandado a quien se designa con un nombre ficticio y su verdadero nombre se descubre posteriormente, haciéndose la correspondiente sustitución mediante enmienda, se le considera como una parte en el pleito desde la interposición de la demanda original, y es ésa la fecha a considerar para determinar cualquier planteamiento sobre prescripción extintiva. ” Ortiz v. Gobierno Municipal de Ponce, supra, a la pág. 478.
Bajo las circunstancias específicas del caso de autos, por tratarse de una acción in personam, es necesario que para que se pueda responsabilizar las compañías aseguradoras designadas con nombres ficticios, se les incluya en *670 la demanda con su nombre correcto y se les notifique ésta, de ser posible personalmente, con tiempo suficiente para que puedan comparecer y defenderse. La enmienda que se haga, se retrotraerá a la fecha de la radicación de la demanda original. Si se determina que la demanda original se presentó en tiempo, la acción no estará prescrita. Regla 13.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III.
En el caso de autos, la alegación así como la subsiguiente enmienda y substitución para que se expidiera el emplazamiento contra USIC, proceden bajo la Regla 15.4, supra. En tal alegación original se identificó con suficiente particularidad, al expone:
“3. Que la co-demandada Compañía de Seguros ABC, es una corporación que se dedica al negocio de seguros en el Estado Libre Asociado de PR y se desconoce su verdadero nombre a la fecha de la radicación de esta demanda, que debe tener seguro o póliza “Performance Bond” donde se garantiza cualquier reclamación contra la referida corporación[, Estancias Construction Corp].” (Énfasis suplido.)
En el citado párrafo se identifica que se está reclamando (demandando) a quien emitió una garantía que cubra cualquier reclamación contra la referida corporación. La confusión de la parte demandante al denominar dicha cobertura, incluyendo como una alternativa “o póliza ‘Performance Bondno invalida el hecho de que se identificó con suficiente particularidad. Las alegaciones de la demanda sólo requieren indicar en términos generales la causa de acción, y la frase “garantiza cualquier reclamación contra la referida corporación” es suficiente para esos propósitos.
Cuando surgió la solicitud de enmendar la demanda para incluir a USIC, con la correspondiente solicitud para que se expidiera el emplazamiento a su nombre, el tribunal pasó juicio sobre si la parte demandante había actuado con la debida diligencia. En la minuta y resolución referente a la vista del 19 de agosto de 2004 (Ap. pág. 19), el tribunal resolvió que: “el Tribunal hace constar que este asunto no es sorpresivo para la parte demandada, ya que se había planteado en el informe de conferencia desde el mes de febrero, y para un[a] próxima ocasión, se le apercibe a la parte demandante que deberá presentar demanda enmendada. ” (Énfasis suplido.)
Nada de lo argumentado por USIC nos mueve a concluir que el tribunal haya abusado de su discreción al permitir la enmienda para incluir a USIC. Ello, ya que la Regla 15.4, supra, permite la substitución de un demandado de nombre desconocido, siempre que antes en la demanda se haya identificado y reclamado apropiadamente, que se solicite la enmienda en un período de tiempo razonable una vez se conozca el nombre correcto del mismo y se le permita al original demandado “de nombre desconocido” suficiente oportunidad para llevar a cabo el descubrimiento de prueba necesario para prepararse para la vista en los méritos del caso. Resolvemos que lo provisto en la Minuta y Resolución referente a la vista del 19 de agosto de 2004 cumplió con lo requerido bajo las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III. Por lo tanto, incidió el tribunal cuando, posteriormente, otro juez del mismo nivel desestimó la causa de acción contra USIC, mediante la sentencia parcial de 6 de marzo de 2007.
Finalmente dos asuntos misceláneos. Primero, la referencia en la sentencia parcial a violación al término de 6 meses provisto en la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 4.3(b), es equivocada. La parte demandante emplazó a USIC a los seis (6) días de haber sido emitido el emplazamiento, pues se autorizó el 22 de octubre de 2004 y se emplazó a USIC el 28 de octubre de 2004. (Ap. págs. 28-29). Segundo, en el presente caso, la fuente de responsabilidad de USIC es contractual y no se ha alegado que hubiera expirado.
Por las consideraciones antes expuestas, se revoca la sentencia parcial emitida el 6 de marzo de 2007, y se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos conforme a lo aquí resuelto.
*671 Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIO 2008 DTA 8
1. Para adjudicar una moción de desestimación en una etapa del proceso en la cual no se ha recibido y evaluado prueba que permitan formular determinaciones de hechos, como es el caso de autos, las alegaciones de la parte demandante se tomarán por ciertas.